UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BRITTNEY STANDLEY,               )
                                 )
            Plaintiff,           )
                                 )
      v.                         )        No. 4:10 CV 864 DDN
                                 )
FLAMBEAU, INC., d/b/a            )
DUNCAN TOYS COMPANY,             )
                                 )
            Defendant.           )

## MEMORANDUM AND ORDER

This action is before the court on the motions of plaintiff Brittney Standley to compel (Docs. 37, 38) and the motion of defendant Flambeau, Inc. for a protective order (Doc. 41).  A hearing was held on October 28, 2011.

At the hearing, the court, with the cooperation of counsel, made the following rulings regarding plaintiff's motions to compel:

**a.  Interrogatories # 4(a), 4(b), 4(d)(1), 4(e), and 4(i)**

Sustained.  Defendant is directed to answer these interrogatories to the extent it is able and in doing so, define its "input" in the manufacturing process.

**b.  Interrogatories # 4(c), 4(d)(2), 4(f), 4(g), and 4(h)**

Denied as moot.  At the hearing, plaintiff withdrew the motion regarding these interrogatories.

**c.  First Requests for Production # 2 and 3**

Denied as overbroad.  Plaintiff is permitted to tailor and resubmit these requests after conferring with defense counsel.

**d.  First Request for Production # 4**

Sustained.  Plaintiff is entitled to documents concerning testing of the ring at issue from any time, regardless of packaging.

**e.  First Request for Production # 7**

Sustained.  Plaintiff is entitled to discovery of alternate designs that defendant elected not to use.

**f.  First Request for Production # 9**

Sustained in part, denied in part.  Plaintiff is entitled to those manuals, distributor's materials, and specifications that contain or refer to the ring.   To the extent plaintiff otherwise seeks "all documents," the motion to compel is denied.

**g.  Interrogatories # 2(a), 2(b), 2(d), and 2(f)**

Sustained.  Defendant is directed to answer these interrogatories, to the extent possible, as they are asked.

**h.  Interrogatory # 2(c)**

Sustained in part, denied in part.  Defendant is directed to identify all studies, research, and documents upon which it decided to add "Ages 12+" to the packaging.  However, to the extent plaintiff asks defendant to identify all "other information" upon which it made this decision, plaintiff's motion is denied.

**i.  Interrogatory # 2(e)**

Denied as moot.  At the hearing, plaintiff withdrew her motion to compel regarding this interrogatory.

**j.  Interrogatory # 2(g)**

Sustained in part, denied in part.  Plaintiff's motion is sustained as it relates to the allegedly defective ring at issue, but denied as it relates to other juggling rings manufactured by defendant.

**k.  Second Request for Production # 2**

Sustained in part, denied in part.  To the extent plaintiff seeks memoranda, e-mails, written correspondences, letters, presentations, and

reports regarding age appropriateness, product warnings, and who the likely and intended users of the ring were, plaintiff's motion is sustained.  To the extent plaintiff seeks "all internal communications" and "other evidence," plaintiff's motion is denied.

**l.   Second Request for Production # 3**

Sustained in part, denied in part.  To the extent plaintiff seeks all packaging used for the line of rings at issue, plaintiff's motion is sustained.  To the extent plaintiff seeks all packaging for other lines of rings manufactured by defendant, plaintiff's motion is denied.

**m.   Second Request for Production # 5(a) and 5(b)**

Sustained in part, denied in part.  To the extent plaintiff seeks all documents and evidence, including studies and research relied upon in deciding to add, specifically, "Ages 12+" to the ring's packaging, plaintiff's motion is sustained.  To the extent plaintiff seeks "other information" regarding this decision, plaintiff's motion is denied.


The court also addressed defendant's motion for a protective order. The parties agreed that the court's rulings on plaintiff's motions to compel outline the scope of further discovery, thereby alleviating the need for a protective order at this time.  In the event it becomes necessary, defendant may refile its motion.

Therefore,

**IT IS HEREBY ORDERED** that the motion of plaintiff Brittney Standley to compel (Doc. 37) is sustained in part, and otherwise denied.

**IT IS FURTHER ORDERED** that the motion of plaintiff Brittney Standley to compel (Doc. 38) is sustained in part, and otherwise denied.

**IT IS FURTHER ORDERED** that the motion of defendant Flambeau, Inc. for a protective order (Doc. 41) is denied.

_____/S/    David D. Noce_____
**UNITED STATES MAGISTRATE JUDGE**

Signed on October 31, 2011.